IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffrey Degree, #308714, | ) | C/A No. 8:16-3887-BHH-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Jeffrey Degree ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner is a prisoner committed to the South Carolina Department of Corrections ("SCDC"), and he is incarcerated at McCormick Correctional Institution. He challenges his conviction of kidnaping and criminal sexual conduct ("CSC"). The Petition is subject to summary dismissal.

## <u>BACKGROUND</u>

Petitioner challenges his April 19, 2005, state conviction of kidnaping and CSC entered in the Cherokee County Court of General Sessions. [Doc. 1 at 1.] He contends that due to the fundamentally unfair procedures during the trial phase and PCR phase, he was convicted although he is innocent. [*Id.* at 5.] He requests that his guilty plea be set aside. [*Id.* at 14.]

This Court takes judicial notice that Petitioner has filed several prior habeas actions pursuant to 28 U.S.C. § 2254 in this Court challenging the same conviction. *See, e.g.,* *Degree v. Cartledge*, C/A No. 8:14-2959-BHH-JDA; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.

1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").   This Court dismissed that case without prejudice because it was successive to another § 2254 action filed by Petitioner, which was decided on the merits; and Petitioner had not obtained permission from the Fourth Circuit Court of Appeals to file it.  *See* Report and Recommendation, *Degree v. Cartledge*, C/A No. 8:14-2959-BHH-JDA (August 11, 2014), ECF No. 10, *adopted by* ECF No. 13 (Sept. 19, 2014).

This Court also takes judicial notice that on June 17, 2008, Petitioner filed a habeas action pursuant to 28 U.S.C. § 2254 in this Court seeking to overturn the same state conviction.  *See* Report and Recommendation, *Degree v. State*, C/A No. 3:08-2251-CMC-JRM (Jan. 9, 2009), ECF No. 15.  This Court adopted the Report and Recommendation and granted Respondent's motion for summary judgment dismissing the action with prejudice.  *See* Order, *Degree v. State*, C/A No. 3:08-2251-CMC-JRM (Feb. 2, 2009), ECF No. 19.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.  Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not

2

entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

This action should be dismissed because it is another successive § 2254 habeas action seeking to overturn the same conviction, and Petitioner has not obtained permission from the United States Court of Appeals for the Fourth Circuit authorizing a successive § 2254. In fact, this Court takes judicial notice that Petitioner apparently filed a motion under 28 U.S.C. § 2244 requesting authorization to file a second or successive § 2254 action in the district court; but, the Fourth Circuit Court of Appeals denied the motion. *See Degree v. Cartledge*, C/A No. 8:14-2959-BHH-JDA, ECF No. 16, 17.

For the reasons already explained in *Degree v. Cartledge*, C/A No. 8:14-2959-BHH-JDA, this Court does not have jurisdiction to consider Petitioner's successive § 2254 action.

## <u>RECOMMENDATION</u>

Accordingly, it is recommended that this action be dismissed without prejudice and without requiring the Respondent to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**

January 26, 2017                                    S/Jacquelyn D. Austin
Greenville, South Carolina                  United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).