IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Degree, #308714, ) | Civil Action No.: 8:16-3887-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Jeffrey Degree, ("Petitioner"), proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling and a Report and Recommendation ("Report"). Judge Austin recommends that this action be summarily dismissed as a successive § 2254 habeas action which seeks to overturn the same conviction, and which the United States Court of Appeals for the Fourth Circuit has not authorized. In fact, the Fourth Circuit denied Petitioner's motion to file a successive action. (ECF No. 9.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

Petitioner filed this action challenging his conviction of kidnapping and criminal sexual conduct. On January 26, 2017, the Magistrate Judge issued a Report (ECF No. 9), and on January 30, 2017, Petitioner filed his Objections (ECF No. 11). The Court has reviewed the Objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge found that this action should be dismissed as an unauthorized, successive § 2254 habeas action which seeks to overturn the same conviction. Petitioner filed Objections to the Report, which the Court has carefully reviewed. Petitioner's filing fails to state a specific objection or direct the Court to any specific error in the Magistrate's proposed findings and recommendations. Rather, Plaintiff's rambling Objections merely rehash points in his Complaint, or raise new points. The Report concludes that this Court does not have jurisdiction to consider

Petitioner's successive § 2254 action, and the Court agrees with the analysis of the Magistrate Judge.

Because the Court agrees with the cogent analysis by the Magistrate Judge, and because that analysis evinces no clear error, the Court need not discuss the same issues for a second time here. Therefore, the Court overrules Petitioner's Objections.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's Objections and adopts and incorporates by reference the Magistrate Judge's Report herein. It is therefore ORDERED that Petitioner's § 2254 petition is DISMISSED.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

February 23, 2017
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.